UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Flexuspine, Inc. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 6:15-cv-201-JRG-KNM |
| | § | |
| Globus Medical, Inc. | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant*. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court are cross-objections to the Report and Recommendation of the United States Magistrate Judge (Doc. No. 149) regarding Defendant Globus Medical, Inc.'s ("Defendant") Motion for Summary Judgment (Doc. No. 107). Plaintiff Flexuspine, Inc. ("Plaintiff") filed objections (Doc. No. 167), to which Defendant filed a response (Doc. No. 190). Defendant also filed objections (Doc. No. 168), to which Plaintiff filed a response (Doc. No. 188). Having reviewed the written objections filed by both parties *de novo*, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. Accordingly, Plaintiff and Defendant's objections are **OVERRULED** and the Magistrate Judge's Report and Recommendation (Doc. No. 149) is hereby **ADOPTED**.

### PLAINTIFF'S OBJECTIONS

In its objections, Plaintiff submits that its doctrine of equivalents theory of infringement for U.S. Patent No. 8,123,810 ("the '810 Patent") survives summary judgment and remains a triable issue. Doc. No. 167 at 8. Plaintiff contends that the opinion disclosed in its expert report "covers a situation where even if the Court found that the expansion member itself does not

move obliquely, the relative oblique movement of the portions of the upper and lower bodies with respect to the expansion member is an equivalent solution." Doc. No. 167 at 8 (citing Doc. No. 113-2 at ¶¶ 130–131, 134). Defendant responds that the doctrine of equivalents "cannot resuscitate" the asserted claim of the '810 Patent because the doctrine of equivalents "vitiates the claim limitation and renders oblique meaningless," and would also ensnare the prior art. Doc. No. 190 at 7–8.

Flexuspine's doctrine of equivalents theory vitiates the oblique limitation of the asserted claim. The asserted claim requires the "first angled portion and the substantially flat superior and inferior surfaces" of the expansion member to advance "in a substantially linear direction between and at least partially oblique to at least a portion" of the upper and lower bodies. The Magistrate Judge correctly reasoned that even "[v]iewed in the most favorable light, Flexuspine's evidence demonstrates the expansion member's movement is only substantially linear, and not in a slanting or sloping direction," or oblique to, "the upper and lower bodies." Additionally, as the Magistrate Judge identified, Flexuspine's theory wholly fails to address the requirement agreed to by the parties in claim construction that "both the first angled portion and the flat surfaces of the expansion member move obliquely to the same part of the superior and inferior surfaces of the upper and lower bodies." Flexuspine's theory therefore reads "and at least partially oblique" entirely out of the claims. In terms of the function-way-result test, no reasonable juror could find that the horizontal advancement of the expansion member is advancement in substantially the same *way* as the oblique requirement of the claim.

Flexuspine's theory of equivalents vitiates the oblique limitation of the asserted claim. Like Flexuspine's infringement theory, therefore, its doctrine of equivalents theory cannot

2

withstand summary judgment. Accordingly, Plaintiff's objection that its doctrine of equivalents theory presents a triable issue is **OVERRULED**.

## DEFENDANT'S OBJECTIONS

Turning to Defendant's objections, Globus argues Flexuspine's doctrine of equivalents theory with respect to U.S. Patent No. 7,316,714 ("the '714 Patent") fails as a matter of law because it encompasses, or "ensnares," prior art reference Biedermann. Doc. No. 168 at 8. Plaintiff responds that there is a genuine issue of material fact as to whether Altera is "configured such that increasing the separation distance between the upper body and the lower body allows articulation or increased articulation of the implant." Doc. No. 188 at 7.

In her Report and Recommendation, the Magistrate Judge identified factual disputes regarding whether the bearing member in Biedermann anticipates the set screw limitation, as well as whether the drive nut in Altera infringes the set screw limitation. Although not expressly stated in the Report and Recommendation, upon *de novo* review, a genuine dispute of material fact also remains regarding whether Biedermann teaches or suggests the articulation limitation.

Defendant relies on the embodiments depicted in Figures 9 and 10 of Biedermann as anticipatory. Plaintiff presents evidence that in this embodiment, the upper and lower bodies "have had their relative angles changed during expansion" which ultimately results in "a tilting of the upper body with respect to the lower body." Doc. No. 113-3 ¶ 152. Figure 10 depicts an expanded version of this embodiment, in which the upper and lower bodies are "held rigidly in their final position," and therefore "[t]here is no relative rotation about an axis between the upper and lower bodies in this expanded configuration." *Id.* Whether the embodiment disclosed in Figures 9 and 10 of Biedermann teaches or suggests an implant that "allows articulation or increased articulation" is a genuine dispute of material fact. This fact issue, in combination with

the fact issues properly identified by the Magistrate Judge in her Report, renders summary judgment improper.

## CONCLUSION

The remaining objections presented by Plaintiff and Defendant were already presented to and properly considered by the Magistrate Judge. With the supplement contained herein, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Doc. No. 149) as the findings of this Court. All objections by Plaintiff and Defendant are **OVERRULED**.

**So ORDERED and SIGNED this 12th day of August, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE