# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **FLEXUSPINE, INC.**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**GLOBUS MEDICAL, INC.,**<br><br>　　　　Defendant, | Civil Action No. 6:15-cv-00201 (JRG-KNM)<br><br>**JURY TRIAL DEMANDED** |

# DEFENDANT'S
# AMENDED VERDICT FORM

4457216v1/014408

In answering these questions, you are to follow all of the instructions I have given you in the Court's charge.

**Question No. 1**

Did Flexuspine prove that Globus's Caliber satisfies all limitations of claim 1 of the '853 Patent?

**Answer "yes" or "no."** _____

A "yes" answer is a finding for Flexuspine. A "no" answer is a finding for Globus.

**Question No. 2**

Did Flexuspine prove that Globus's Caliber-L satisfies all limitations of claim 1 of the '853 Patent?

**Answer "yes" or "no."** _____

A "yes" answer is a finding for Flexuspine. A "no" answer is a finding for Globus.

**Question No. 3**

Did Globus prove that claim 1 of the '853 Patent is anticipated by the prior art?

**Answer "yes" or "no."** _____

A "yes" answer is a finding for Globus. A "no" answer is a finding for Flexuspine.

**Question No. 4**

Did Globus prove that claim 1 of the '853 Patent is obvious under the prior art?

**Answer "yes" or "no."** _____

A "yes" answer is a finding for Globus. A "no" answer is a finding for Flexuspine.

**Question No. 5**

Did Globus prove that claim 1 of the '853 Patent does not meet the enablement requirement of the patent laws?

**Answer "yes" or "no."** _____

A "yes" answer is a finding for Globus. A "no" answer is a finding for Flexuspine.

**Question No. 6**

Did Flexuspine prove that Globus's Altera satisfies all limitations of claim 1 of the '714 Patent?

**Answer "yes" or "no."** _____

A "yes" answer is a finding for Flexuspine. A "no" answer is a finding for Globus.

**Question No. 7**

Did Globus prove that claim 1 of the '714 Patent is anticipated by the prior art?

**Answer "yes" or "no."** _____

A "yes" answer is a finding for Globus. A "no" answer is a finding for Flexuspine.

**Question No. 8**

Did Globus prove that claim 1 of the '714 Patent is obvious under the prior art?

**Answer "yes" or "no."** _____

A "yes" answer is a finding for Globus. A "no" answer is a finding for Flexuspine.

**Question No. 9**

Did Globus prove that claim 1 of the '714 Patent does not meet the enablement requirement of the patent laws?

**Answer "yes" or "no."** _____

A "yes" answer is a finding for Globus. A "no" answer is a finding for Flexuspine.

**Question No. 10**

Did Flexuspine prove that Globus's Altera satisfies all limitations of claim 2 of the '714 Patent?

**Answer "yes" or "no."** _____

A "yes" answer is a finding for Flexuspine. A "no" answer is a finding for Globus.

**Question No. 11**

Did Globus prove that claim 2 of the '714 Patent is anticipated by the prior art?

**Answer "yes" or "no."** _____

A "yes" answer is a finding for Globus. A "no" answer is a finding for Flexuspine.

**Question No. 12**

Did Globus prove that claim 2 of the '714 Patent is obvious under the prior art?

**Answer "yes" or "no."** _____

A "yes" answer is a finding for Globus. A "no" answer is a finding for Flexuspine.

**Question No. 13**

Did Globus prove that claim 2 of the '714 Patent does not meet the enablement requirement of the patent laws?

**Answer "yes" or "no."** _____

A "yes" answer is a finding for Globus. A "no" answer is a finding for Flexuspine.

**Question No. 14**

Did Flexuspine prove that it complied with its obligations to provide notice and mark its products?

**Answer "yes" or "no."** _____

A "yes" answer is a finding for Flexuspine. A "no" answer is a finding for Globus.

**Question No. 15**

<u>Answer this question **only** if you found infringement of at least one claim (Questions 1, 2, 6, and 10), and did not find that same claim invalid (Questions 3, 4, 5, 7, 8, 9, 11, 12, and 13). Otherwise, do not answer this question.</u>

What sum of money, if any, do you find would fairly and reasonably compensate Flexuspine for Globus's infringement of the patents-in-suit?

**Answer by providing an amount and checking <u>one</u> of the following boxes.**

Amount:  $_____


In the form of:

☐ a one-time, lump sum paid as of the date of the hypothetical negotiation covering all past and future infringing use, or

☐ a running royalty from the date of the hypothetical negotiation covering all past infringing use up to the time of the trial.

**Questions No. 16 – 18**

<u>Answer these questions **only** if you found infringement (Questions 1, 2, 6, and 10). Otherwise, do not answer these questions.</u>

16.     Did Flexuspine prove that Globus willfully infringed claim 1 of the '853 Patent?

**Answer "yes" or "no."** _____

   A "yes" answer is a finding for Flexuspine. A "no" answer is a finding for Globus.

17.     Did Flexuspine prove that Globus willfully infringed claim 1 of the '714 Patent?

**Answer "yes" or "no."** _____

   A "yes" answer is a finding for Flexuspine. A "no" answer is a finding for Globus.

18.     Did Flexuspine prove that Globus willfully infringed claim 2 of the '714 Patent?

**Answer "yes" or "no."** _____

   A "yes" answer is a finding for Flexuspine. A "no" answer is a finding for Globus.

DATED:  August 12, 2016            Respectfully submitted,

/s/John P. Lahad
Arun S. Subramanian (Lead)
NY State Bar No.: 4611869
Jacob W. Buchdahl (*Pro Hac Vice*)
NY State Bar No.: 2903383
Mark H. Hatch-Miller (*Pro Hac Vice*)
NY State Bar No.: 4981635
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Telephone: (212) 336-8330
Fascimile: (212) 336-8340
asubramanian@susmangodfrey.com
jbuchdahl@susmangodfrey.com
mhatch-miller@susmangodfrey.com


Richard W. Hess
TX State Bar No. 24046070
John P. Lahad
TX State Bar No. 24068095
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 653-7859
Fascimile: (713) 654-6666
rhess@susmangodfrey.com
jlahad@susmangodfrey.com

S. Calvin Capshaw
State Bar No. 03783900
Capshaw DeRieux LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com


*Attorneys for Defendant*
*Globus Medical, Inc*.

**CERTIFICATE OF SERVICE**

    I certify that on August 12, 2016, a copy of the foregoing document was served on the parties to this action by electronically filing true and correct copies with the Clerk of the Court using the ECM/ECF system which automatically sent notification by e-mail of such filing to all counsel of record.

                                                                                  */s/ John P. Lahad*
                                                                                  John P. Lahad