IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| FLEXUSPINE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 6:15-cv-00201-JRG-KNM |
| | § | |
| GLOBUS MEDICAL, INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO AMEND JUDGMENT**

Plaintiff Flexuspine, Inc. ("Flexuspine" or "Plaintiff") files this response in opposition to Defendant Globus Medical Inc.'s ("Globus" or "Defendant" a) Rule 59(e) Motion to Amend Judgment (Dkt. No. 251), and respectfully requests this Court deny the Motion as shown herein.

**INTRODUCTION**

Globus ultimately agreed to the verdict form that was used in this case, and the jury rendered a verdict in favor of Globus finding no infringement. Now, having the verdict it requested on the form it approved, Globus seeks to raise an untimely objection to the verdict form and asks the Court to modify to the judgment to add a finding of invalidity premised entirely on juror error. Because Globus's objections to the verdict form were clearly waived, Globus's motion is without merit and should be denied.

**BACKGROUND**

Globus objects that the Court required the jury to follow its instructions. Specifically, the Court instructed the jury in the verdict form to answer Question 2 "ONLY AS TO THOSE CLAIMS YOU ANSWERED "YES" TO IN QUESTION 1 ABOVE — OTHERWISE DO NOT

1

ANSWER THIS QUESTION." (Dkt. No. 237, p. 3). The jury answered "No" to all parts of Question 1. (Dkt. No. 237, p. 1). Accordingly, the jury was instructed to not answer Question 2 or any other question.

On July 1, 2016, the parties submitted competing Verdict Forms. (Dkt. No. 142). During trial, the parties submitted competing revised verdict forms on August 16, 2016, via email to the Court's law clerk. (Exhibit A). Flexuspine's proposal conditioned the submission of invalidity on an affirmative finding of infringement. (Exhibit B). Globus's proposal did not. (Exhibit C). On August 18, 2016, the Court conducted a charge conference in chambers in which Court and counsel discussed all questions, comments, and objections by either party to the other's proposed jury instructions and verdict form. (Exhibit D, Trial Tr. 08-18-16 PM, p. 44, l. 12-14; p. 49, l. 6-19). Following the charge conference in chambers, the Court delivered its proposed jury instructions and verdict form to the parties. (Exhibit D, Trial Tr. 08-18-16 PM, p. 49, l. 20-25). The Court's proposed verdict form instructed the jury not to answer Question 2 unless they answered "Yes" to Question 1. After affording the parties an opportunity to review its proposed charge, the Court then stated: "I'm now prepared to start a formal charge conference where we'll take each document on a page-by-page basis and address any objections either party wishes to make for the Court's consideration and the preservation of their records." (Exhibit D, Trial Tr. 08-18-16 PM, p. 50, l. 1-5). The Court further stated "As we get to any page where you believe there's a matter that should have been included that wasn't or has been included and shouldn't have been, please feel free to register what you believe to be an appropriate objection for the Court to consider and for the record." (Exhibit D, Trial Tr. 08-18-16 PM, p. 51, l. 1-6). After taking objections to the Court's jury instructions, the Court heard objections to the verdict form using the same page-by-page review procedure.

As to Question 2, the Court asked, "Turning to Page 3 wherein the Court has set forth Question 2, is there any objection from either party?" (Exhibit D, Trial Tr. 08-18-16 PM, p.66, l. 7-9). After Plaintiff did not raise any objection, the Court stated "All right. Defendant?" Defendant answered "**Nothing from the Defendant, Your Honor**." (Exhibit D, Trial Tr. 08-18-16 PM, p. 66, l. 22-23) (emphasis added). Before closing the charge conference, the Court asked again "Anything further from the Defendant with regard to the verdict form?" Defendant answered, "**No, Your Honor**." (Exhibit D, Trial Tr. 08-18-16 PM, p. 72, l. 3-5) (emphasis added). Following the formal charge conference, the Court delivered its final jury instructions and verdict form to the parties via email from the Court's law clerk. Defendant's response was "Thank you Ms. Oliver." (Exhibit E).

Before charging the jury the next morning on September 19, 2016, the Court asked again "Is there anywhere — is anyone aware of anything further before we bring in the jury?" After plaintiff replied "Nothing from Plaintiff, Your Honor," Defendant answered "**Nor from the Defendant, Your Honor**." (Exhibit F, Trial Tr. 08-19-16, p. 4, l. 4-11) (emphasis added).

On the afternoon of September 19, 2016, the jury reported they had reached a verdict. Upon reviewing the verdict form, the Court determined that the jury had not followed the Court's instructions. (Exhibit F, Trial Tr. 08-19-16, p. 91, l. 1-9). After answering "No" to all parts of Question 1, the jury should have stopped. Instead, the jury had proceeded to address every question in the verdict form, including questions 2 and 3. The Court then instructed the jury to retire, review the verdict form again, and return a verdict consistent with the Court's instructions. (Exhibit F, Trial Tr. 08-19-16, p. 91, l. 16-25).

While the jury resumed his deliberations, Defendant suggested that a jury could address patent validity even in the absence of a finding of infringement. The Court noted "Co-counsel—I

3

mean, counsel, I went through this verdict form with your co-counsel on the record and informally before we held the formal charge conference. Both parties were given an opportunity to offer any objections to the verdict form. No one on the Defendant side or the Plaintiff side offered any objection to the verdict form as it was submitted to the jury, which included those instructions before Question 2. (Exhibit F, Trial Tr. 08-19-16, p. 93, l. 10-22).

The jury rendered a verdict in accordance with the Court's instructions. (Dkt. No. 237). After the Court received the jury's verdict and released the jury, Defendant stated "I do want to lodge a formal objection over the verdict. I understand that **we did not make that at the appropriate time,** but we do object for the record." (Exhibit F, Trial Tr. 08-19-16, p. 99, l. 21-23)(emphasis added). The Court entered judgment based on the jury's verdict on September 23, 2016. (Dkt. No. 240).

## ARGUMENT

A party must make its objections to the jury instructions before the instructions are delivered to the jury. Fed. R. Civ. Pro. 51. "[F]ailure to object to the wording of a special issue prevents a party from objecting to such wording on appeal." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 306 (5th Cir. 1993). *See also Geosearch, Inc. v. Howell Petroleum Corp.,* 819 F.2d 521, 527 (5th Cir.1987). Globus concedes that it "did not make that [objection] at the appropriate time." (Exhibit F, Trial Tr. 08-19-16, p. 99, l. 21-23).

Moreover, Globus submission of a proposed jury verdict form prior to the charge conference is not sufficient alone. *See Mitsubishi Elec. Corp. v. Ampex Corp.*, 190 F.3d 1300, 1304 (Fed. Cir. 1999); *Hoechst Celanese Corp. v. BP Chemicals Ltd.,* 78 F.3d 1575, 1581, 38 U.S.P.Q.2d 1126, 1131 (Fed.Cir.1996) (appellant waived objection by acquiescing in and proposing the verdict form); *McCord v. Maguire,* 873 F.2d 1271, 1274 (9th Cir.1989) *amended by*

885 F.2d 650, 650 (9th Cir.1989) (where appellant challenged general verdict based on insufficient evidence for various factual theories underlying verdict but where, at trial, appellant did not request a special verdict as to each factual theory, appellant waived right to raise such a challenge); 9 James Wm. Moore et al., *Moore's Federal Practice* '49.20[5] (3d ed.1997) (to avoid possible waiver on subsequent appeal, the objection to the form or content of special interrogatories must be made before the jury is discharged).

Globus faults the Court for requiring the jury to follow the Court's un-objected to instructions. Whatever merit Globus's objection might have once had, it was waived. Globus mischaracterizes the jury's error as the "original verdict," but the only verdict received by the Court is the one filed as the jury verdict. The fact that infringement and validity are separate issues does not resolve the challenge posed by Globus. While infringement and validity are separate issues, to obtain a jury determination of validity *independent of infringement*, Globus was required to submit a proper proposed verdict form and object to the Court's proposed verdict form on the grounds that invalidity was not separately submitted. *See Mitsubishi Elec. Corp. v. Ampex Corp.*, 190 F.3d at 1304. Globus did not.

Despite counsel's acknowledgment at the close of trial Globus had not objected to the verdict form, Defendant's Motion never mentions "waiver" and for good reason. There is simply no non-frivolous argument Globus can articulate that it did not expressly waive this issue.

Globus does not suggest that the jury initially failed to follow the Court's instruction on the verdict form. Instead, Globus begins by asserting that the evidence would have supported submission of a question on invalidity. That is not the issue posed by Globus' Motion nor does it resolve the challenge. Such argument only highlights the requirement for Globus to object to the verdict form submitted invalidity.

Next, Globus asserts that the jury instructions discuss the law of infringement and the law of invalidity separately and states "Infringement and invalidity are separate questions and should be considered and answered separately" to suggest that there is a "conflict" between the Court's jury instructions and the verdict form.  There is not.  Infringement, invalidity, (and damages) were "separate questions" and were separately delineated on the verdict form. The jury instructions are silent on whether Question 1 must be answered "Yes," in order to answer Question 2 or Question 3. The only instructions on how and when the questions are to be answered are found in the verdict form. Silence in the jury instructions does not conflict with express directions in the verdict form, and in any event, Globus did not timely object to any perceived "conflict" and waived such objection.

In short, Globus does not complain that the jury failed to follow the Court's instructions. Rather, Globus complains that the jury should be permitted to *disregard* the Court's instructions and that Globus should be the beneficiary of that error.  That is not the law, and Globus's motion should be denied.

## Conclusion

For these reasons, Globus's Motion should be denied.

Dated: September 23, 2016

Respectfully submitted,
/s/ *Mark D. Strachan*

Mark D. Strachan
State Bar No. 19351500
Darren P. Nicholson
State Bar No. 24032789
**SAYLES │ WERBNER, P.C.**
1201 Elm Street, Suite 4400
Dallas, Texas 75270
(214) 939-8700 – Telephone
(214) 939-8787 – Facsimile
mstrachan@swtriallaw.com
dnicholson@swtriallaw.com

Jonathan T. Suder  
State Bar No. 19463350  
Brett M. Pinkus  
State Bar No. 24076625  
Todd I. Blumenfeld  
State Bar No. 24067518  
**FRIEDMAN, SUDER & COOKE**  
604 East 4th Street, Suite 200  
Fort Worth, Texas 76102  
(817) 334-0400 - Telephone  
(817) 334-0401 - Facsimile  
jts@fsclaw.com  
pinkus@fsclaw.com  
blumenfeld@fsclaw.com  

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on September 23, 2016, a copy of the foregoing document was served on the parties to this action by electronically filing true and correct copies with the Clerk of the Court using the ECM/ECF system which automatically sent notification by e-mail of such filing to all counsel of record.

/s/ *Mark D. Strachan*  
Mark D. Strachan
