**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| FLEXUSPINE, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 6:15-cv-201-JRG-KNM |
| | § | |
| GLOBUS MEDICAL, INC. | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Rule 59(e) Motion to Amend Judgment (Dkt. No. 251) (the "Motion"). For the reasons stated below and having considered the Motion, the Court is of the opinion that the Motion should be **DENIED**.

Further, and consistent with the ruling herein, Defendant's declaratory judgment counterclaims concerning U.S. Patent Nos. 7,204,853; 7,316,714; and 8,123,810 are **DISMISSED WITHOUT PREJUDCE**, and Defendant's Motion for Judgment as a Matter of Law (Dkt. No. 255) is **DENIED AS MOOT**.

## I.       Background

On March 11, 2015 Plaintiff Flexuspine, Inc. ("Flexuspine") filed a Complaint alleging Defendant Globus Medical, Inc. ("Globus") infringed five patents (Dkt. No. 1.) Globus answered the Complaint and filed counterclaims on July 7, 2015 (Dkt. No. 22.) Globus denied Flexuspine's allegations of infringement and asserted affirmative defenses of non-infringement and invalidity, among others. (*See id.* at 6-7.) Globus also filed declaratory judgment counterclaims of non-infringement and invalidity for each patent and requested a trial by jury for

its counterclaims. (*Id.* at 8–9.)   The parties jointly moved to dismiss Flexuspine's claims and Globus's counterclaims relating to U.S. Patent Nos. 7,909,869 and 8,647,386 as well as Claim 5 of U.S. Patent No. 7,204,853. (Dkt. No. 75.)   On April 13, 2016, the Court granted that motion. (Dkt. No. 77.)

On July 1, 2016, the parties submitted their joint proposed pretrial order along with proposed jury instructions and verdict forms from each party. (Dkt. No. 142.)  Included in this submission from Globus as to disputed issues of fact and law, Globus listed (1) whether claim 1 of the '853 patent is invalid because it was either anticipated or rendered obvious by one or more prior art references; (2) whether claim 17 of the '810 patent is invalid because it was either anticipated, rendered obvious by one or more prior art references, or invalid due to indefiniteness; and (3) whether claims 1 and 2 of the '714 patent is invalid because it was either anticipated, rendered obvious by one or more prior art references, or invalid due to failing to meet the written description and enablement requirements. (Dkt. No. 142 at 5-6.)  Per the Court's directive, the parties also submitted proposed final jury instructions and verdict forms for the Court to consider. (*See* Dkt. No. 142-8.)  Flexuspine's proposed verdict form conditioned the submission of invalidity on an affirmative finding of infringement. (Dkt. No. 142-6.) Globus's proposed verdict form did not. (Dkt. No. 142-8.)

On July 7, 2016, Magistrate Judge Mitchell issued a report and recommendation granting Globus' motion of non-infringement with respect to the '810 patent, which this Court subsequently adopted on August 12, 2016. (Dkt. No. 210.)   Subsequently, Globus filed an amended proposed verdict form dropping questions concerning whether claim 17 of the '810 patent was invalid. (Dkt. No. 213-2.)   However, Globus never moved to dismiss its counterclaims for invalidity with respect to the '810 patent.

On August 15, 2016, a jury trial commenced in this case concerning, among other issues, the alleged infringement of U.S. Patent No. 7,204,853 and U.S. Patent No. 7,316,714. (*See* Dkt. No. 242.)  On the second day of trial, the parties (pursuant to the Court's directives) submitted updated and competing proposed verdict forms as well as a revised joint proposed final instruction to the Court.  Globus's proposed verdict form did not condition the invalidity questions on an infringement finding. Flexuspine's proposed verdict form instructed the jury to answer invalidity questions only if infringement was found.

On August 18, 2016, after the conclusion of evidence, the Court held an in-chambers informal charge conference to discuss the final jury instruction and the final verdict form with the parties.  (Dkt. No. 249 at 49.) The parties through their counsel had an open and robust conversation about all issues in the verdict form and the final jury instructions.  The Court listened to and worked through the parties' various objections.  (*See id.*) As a result of those discussions, the Court generated its intended final jury instructions and final verdict form, taking into account the parties' competing arguments and objections as developed during the informal charge conference.  (*See id.*)

The Court then afforded the parties an opportunity to review and then object to the final jury instructions and verdict form on the record.  During this formal charge conference held the day after the informal charge conference, the Court went page-by-page through the final instructions and the verdict form asking the parties if they had any objections and then hearing and ruling on all such objections. (*See* Dkt. No. 249 at 50:1–5) ("I'm now prepared to start a formal charge conference where we'll take each document on a page-by-page basis and address any objections either party wishes to make for the Court's consideration and the preservation of their records."); (*see also id.* at 65–72).   The Court instructed the parties that "[a]s we get to any

- 3 -

page where you believe there's a matter that should have been included that wasn't or has been included and shouldn't have been, please feel free to register what you believe to be an appropriate objection for the Court to consider and for the record." (*Id.* at 51:l-6.)

During the formal charge conference, Flexuspine objected to certain aspects of the verdict form (*see, e.g.*, Dkt. No. 249 at 70:5–71:3); however, Globus did not.  Notably, neither party objected to Question 2 concerning invalidity and the "stop instruction" preceding Question 2. (*See* Dkt. No. 249 at 66; *see also* Dkt. No. 250 at 93:15–22.)  That instruction (following the question on infringement and preceding the question on invalidity) read: "ANSWER THE NEXT QUESTION ONLY AS TO THOSE CLAIMS YOU ANSWERED 'YES' TO IN QUESTION 1 ABOVE — OTHERWISE DO NOT ANSWER THIS QUESTION." (Dkt. No. 237 at 3.)  The Court specifically inquired as to the propriety of the instruction: "[t]urning to Page 3 wherein the Court has set forth Question 2, is there any objection from either party?" (Dkt. No. 249 at 66:7–9).  Globus answered "Nothing from the Defendant, Your Honor." (*id.* at 66:23).  At the conclusion of the formal charge conference, the Court asked if there was "[a]nything further from the Defendant with regard to the verdict form?" and Globus answered: "No, Your Honor." (Dkt. No. 249 at 72:3-5.)

On August 19, 2016, prior to closing arguments, the Court instructed the jury to answer "each question in the verdict from the facts as you find them to be." (Dkt. No. 250 at 7:11–12.) The Court further instructed that "[i]nvalidity is a defense to patent infringement" and that "[i]nfringement and invalidity are separate questions and should be considered and answered separately by you, the jury." (Dkt. No. 250 at 14:14–19.)  After closing statements, the Court again instructed the jurors to "[a]nswer each question in the verdict form from the facts as you

find them to be in the case." (*Id.* at 78:15–18.)  None of these instructions is in conflict with the verdict form or the clear instructions contained therein.

After a reasonable period of deliberation, the jury reported that they had reached a verdict.  However, upon reviewing the verdict form, the Court determined that the jury had not followed the Court's instructions.  The jury answered "no" to all parts of Question 1 regarding infringement, but had ignored the Court's clear stop instruction by continuing to answer Questions 2 and 3, the questions pertaining to invalidity and damages. (*See* Dkt. No. 250 at 92.) The answer to question 2 indicated the claims were found invalid, and regarding damages in Question 3 the jury wrote in "0."  (*Id.*) Upon reviewing the answers, the Court instructed the jury to retire again, review the verdict form, and return a verdict consistent with both questions asked and the Court's written instructions in the verdict form.  (*Id.* at 91–92.)  Shortly thereafter, the jury returned a verdict in accordance with the Court's instructions.  This verdict found the claims not to be infringed and left the other questions unanswered.

On August 23, 2016, this Court entered final judgment that Defendant Globus Medical, Inc. does not infringe any of the asserted claims of U.S. Patent No. 7,204,853 and U.S. Patent No. 7,316,714. (Dkt. No. 240.)  The Court's judgment did not address invalidity of the patents-in-suit. (*See id.*)

## II.       Legal Standard

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment.  In patent cases, for purely procedural questions under Rule 59, the Federal Circuit applies the law of the regional circuit where the district court sits. *Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 638 (Fed. Cir. 2011).   The Fifth Circuit has held that a Rule 59(e) motion is not "the proper vehicle for rehashing evidence, legal theories, or arguments that could

have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir.2004). A district court is justified in using its discretion to grant a Rule 59(e) motion in the following situations: (1) "allowing a party to correct manifest errors of law or fact;" (2) "to present newly discovered evidence;" and (3) "when there has been an intervening change in the controlling law." *Id.*

"Verdict forms are, in essence, instructions to the jury." *United States v. Reed*, 147 F.3d 1178, 1180 (9th Cir. 1998). A party must make its objections to the jury instructions before the instructions are delivered to the jury. Fed. R. Civ. Pro. 51. "[F]ailure to object to the wording of a special issue prevents a party from objecting to such wording on appeal." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 306 (5th Cir. 1993).

## III.     Analysis

Globus does not point to any newly discovery evidence or an intervening change in the controlling law. Therefore, the only grounds Globus can move under is a "manifest error of law or fact." The Court finds no manifest error of law or fact.

Globus admits that it did not object to the final verdict form that was discussed in the informal and then formal charge conference, and which was ultimately submitted to the jury. (Dkt. No. 251 at 3.) Nevertheless, it argues that the verdict form deviated from the Court's final instructions, which, according to Globus, instructed the jury that both infringement and invalidity needed to be addressed independently. Globus relies on *United States v. McKenna*, 327 F.3d 830, 843 (9th Cir. 2003), without any discussion of the case, for the proposition that if there is conflict between jury instructions and a verdict form, the instructions should control. Globus contends that resubmitting the verdict form to the jury and instructing the jury to comply with its clear instructions constitutes "manifest error."

The Court is not persuaded that its final jury instructions conflict with the clear instructions contained within the verdict form.  Further, the Court does not find *McKenna* to be persuasive authority.  *McKenna* is a federal criminal case from the Ninth Circuit.  The defendant was charged with three counts of perjury and one count of making a false declaration under oath. *Id.* at 835.  On appeal, the defendant challenged the verdict form given to the jury arguing that it impermissibly amended the superseding indictment.  *Id.* at 843.  There, the *McKenna* verdict form summarized the statements alleged in Counts 1 through 4 of the indictment and did not specifically set out the elements of perjury.  *Id.*  The Ninth Circuit rejected the arguments on appeal because "not only did McKenna not object [to the verdict form] before the district court, she expressly agreed to the use of this form." *Id.*  Further, at trial, the district court was "careful to advise the jury that the verdict form was 'in summary form' and that the jury instructions, not the form, should control its verdict."  *Id.* While these facts differ substantially from the present case, the holding itself is ultimately consistent with this Court's conduct.

Even assuming, for the sake of argument, that *McKenna* was sufficiently similar on the present facts to warrant its application to a patent case (and this Court finds it is not), unlike the district court in *McKenna*, the Court in this case never advised the jury that the verdict form was in summary form, was not intended to be an instruction, and that the oral instructions, not the verdict form, should control.   This Court is of the view that a verdict form in a civil case with allegations of patent infringement operates as a type of jury instruction and should be considered with and part-and-parcel of the final jury instructions. *See United States v. Nero*, 2013 WL 6044362, at *12 n.126 (E.D. La. Nov. 14, 2013) (citing cases from the First, Ninth, and Tenth Circuits).   Globus asserts that the jury instructions and the verdict form were in conflict.  The Court sees no conflict.  The only instructions on how and when the questions should be answered

were in the verdict form.  Nothing in the jury instructions touched on whether Question 1 must be answered "Yes" in order to answer Question 2.  Such silence in the jury instructions does not conflict with the express directions set forth within the verdict form.

The Court committed no manifest error when it instructed the jury to resume deliberations and to carefully follow the verdict form's instructions.  *See Simpson v. Betteroads Asphalt Corp.*, 598 F. App'x 68, 72 (3d Cir. 2015).  Under the law of this Circuit, the district court has broad discretion to refuse to consider interrogatories answered in violation of the court's instructions.  *See Richard v. Firestone Tire & Rubber Co.*, 853 F.2d 1258, 1260 (5th Cir. 1988).  Resubmission here was proper.  *See id.*

Globus also contends that its independent invalidity counterclaims required separate adjudication.  According to Globus, not finding invalidity here would "violate the Seventh Amendment."  (Dkt. No. 251 at 6–7.)

"The Seventh Amendment only requires a court to adopt a jury's verdict if the answers to the interrogatories in the verdict are consistent or if there is some view of the case which would make the jury's answers to the interrogatories consistent." *Nance v. Gulf Oil Corp.*, 817 F.2d 1176 (5th Cir. 1987).  However, the Seventh Amendment assures a party of the right to a ***jury trial***, not a ***jury verdict***. *See Newell Cos. v. Kenney Mfg. Co*., 864 F.2d 757, 763 (Fed. Cir. 1988).  Parties can waive that right.  The right to a jury trial is fundamental, and so courts must entertain every ***reasonable*** presumption against waiver.  *Jennings v. McCormick*, 154 F.3d 542, 545 (5th Cir. 1998).  According to the Federal Rules, a proper jury demand may be withdrawn only if the parties consent," and usually the withdrawal of jury demand is made by neutral stipulation on the record. *See* Fed. R. Civ. P. 39.  However, in certain circumstances, a party's conduct at trial may effectively waive its right to a jury trial, including a failure to object on the record. *See*

*McDonald v. Steward*, 132 F.3d 225, 229 (5th Cir. 1998) (opining that "waiver of the right, while often seen in an express statement or stipulation, may also be inferred from a party's conduct" and citing cases);.*Southland Reship, Inc. v. Flegel*, 534 F.2d 639, 644 (5th Cir. 1976);*see also Kloepfer v. Honda Motor Co.*, 898 F.2d 1452, 1455 (10th Cir.1990) (stating that a party may waive objections to a verdict form that "did not contain causes of actions [it] has alleged."). Such is the case here.

The fundamental difference between a counterclaim and an affirmative defense is "that resolution of a plaintiff's claim in favor of a defendant always moots the affirmative defense, but the mootness analysis for a counterclaim in the same situation is more nuanced." *Silicon Graphics, Inc. v. ATI Technologies, Inc.,* 2011 WL 322664, *3–*4 (W.D. Wis. 2011).   In the context of a patent case such as this case, a judgment of non-infringement necessarily moots an affirmative defense of invalidity, but not necessarily a counterclaim of invalidity.

Here, the parties knowingly acquiesced to the conditional submission of the issue of invalidity to the jury, as embodied by the stop instruction on the verdict form.   Neither party, including Globus, objected to such instruction on the record despite having multiple opportunities to do so.   Globus, through its experienced counsel, must have realized both the benefits and detriments of having such a conditional instruction.   Put simply, if the jury found in favor of Globus on the first question regarding infringement (as it did) then the jury could go home, but it would also never decide the issue of invalidity.

The mere possibility that invalidity would never be decided by the jury in the event of a non-infringement finding is entirely consistent with submitting invalidity to the jury as an affirmative defense, but it is incompatible with submission as an independent counterclaim. Therefore, while Globus correctly argues that it has its own invalidity counterclaims independent

of Flexuspine's infringement claim, the Court concludes it waived a right to submit that issue to

the jury as a counterclaim by agreeing to and failing to object to its conditional submission.

Globus attempts to recast the stop instruction as an "oversight" or "mistake." (Dkt. No.

251 at 5–6.) Globus's argument is unreasonable.   The stop instruction came directly from

Flexuspine's proposed jury instructions first served on Globus on July 1, 2016.  It was discussed

at the informal charge conference in chambers.  What Globus characterizes as an "oversight"

was in fact a prominent sentence in capitalized text below which Globus had seen several weeks

earlier in advance:

> ANSWER THIS NEXT QUESTION ONLY AS TO THOSE CLAIMS YOU ANSWERED
> "YES" TO IN QUESTION 1 ABOVE—OTHERWISE DO NOT ANSWER THIS QUESTION.
>
>
> **QUESTION 2:**
>
> Did Globus prove by clear and convincing evidence that any of the asserted claims of
> the following patents are invalid?

(Dkt. No. 237 at 3 (jury verdict).)   Moreover, the language in the stop instruction bears strong

resemblance to a similar "stop instruction" that Globus itself proposed:

> **Question No. 15**
>
> Answer this question **only** if you found infringement of at least one claim (Questions 1, 2, 6, and
>
> 10), and did not find that same claim invalid (Questions 3, 4, 5, 7, 8, 9, 11, 12, and 13).
>
> Otherwise, do not answer this question.

(Dkt. 213-2 at 6.)    The stop instruction in the final verdict form was neither a "mistake" nor

"error." It was prominent, apparent, and the possibility that such instruction could be included in

the final verdict form was known to Globus weeks before trial.

In sum, the only reasonable presumption the Court can draw is that the parties, through their conduct and acquiescence, submitted the issue of invalidity to the jury only as an affirmative defense, not as a counterclaim.   The jury, having concluded that there was no infringement by Globus, had no other issues to decide.   Globus gained a strategic benefit by being able to communicate to the jury, in effect, if they found no infringement they were finished.  Globus knowingly accepted this benefit by not objecting to the conditional submission used here, but now (having seen the jury's indication they would have found invalidity) Globus wants to complain about it.  To be clear, Globus cannot have it both ways.

Globus's motion is well-taken in one regard.   Though Globus's affirmative invalidity defense was rendered moot by the jury's non-infringement finding, its invalidity counterclaim remains a live issue in the case, *see Shelcore, Inc. v. Durham Industries, Inc.*, 745 F.2d 621, 624 (Fed. Cir. 1984), and prevents appeal of this Court's final judgment.   Since the jury verdict expresses no opinion as to the invalidity of the patents-in-suit, the issue reverts to the Court.

The Court finds that the jury verdict of non-infringement resolved the controversy between the parties.   Under such circumstances, the district court may exercise its discretion to dismiss a counterclaim alleging that a patent is invalid as moot. *See Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004); *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998).   The Court hereby exercises that discretion. Globus's counterclaims concerning U.S. Patent Nos. 7,204,853; 7,316,714; and 8,123,810 are dismissed as moot.

## IV.        Conclusion

For the reasons stated herein, Globus's Rule 59(e) Motion to Amend Judgment (Dkt. No. 251) is **DENIED** and Globus's declaratory judgment counterclaims concerning U.S. Patent Nos.

7,204,853; 7,316,714; and 8,123,810 are **DISMISSED WITHOUT PREJUDCE** as having been rendered moot by the conditional jury submission on invalidity which Globus knowingly permitted and accepted without objection.  Further, and consistent herewith, Globus's Motion for Judgment as a Matter of Law (Dkt. No. 255) is **DENIED AS MOOT.**

**So ORDERED and SIGNED this 3rd day of October, 2016.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE